```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JAMES H. BRADY,                                                  :
                                                                 :
                                Plaintiff,                       :
                                                                 :         21-cv-3482 (LJL)
                -v-                                              :
                                                                 :         MEMORANDUM AND
NYP HOLDINGS, INC. d/b/a THE NEW YORK POST                       :         ORDER
and KATHIANNE BONIELLO,                                          :
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff James H. Brady ("Brady" or "Plaintiff") moves for reconsideration of the Court's March 31, 2022 Opinion and Order, Dkt. No. 31, dismissing the complaint against defendants NYP Holdings, Inc. d/b/a the New York Post ("NY Post") and Kathianne Boniello ("Boniello," and collectively with NY Post, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 40.[1] For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

The facts of the case are set forth in full in the Court's Opinion and Order dated March 31, 2022. Dkt. No. 31. In brief, Plaintiff sued Defendants for defamation and libel, false light invasion of privacy, respondeat superior, and intentional infliction of emotional distress—all in relation to a news article entitled "Judge Judy's son Gregory Sheindlin sues court gadfly for 'defamatory' videos," which was published by the NY Post and written by Boniello. *Id.* at 4–6.

---

[1] Plaintiff, who is pro se, only filed a memorandum of law and failed to file a notice of motion pursuant to Local Civil Rule 7.1(a)(1). The Court, however, permits the motion despite the failure to adhere to the Local Rules.

The subject of the news article was a lawsuit filed by Gregory Sheindlin ("Sheindlin") against Brady for defamation. *Id.* at 1–2; *see also Sheindlin v. Brady*, 21-cv-1124 (S.D.N.Y.). The Court held that the news article was privileged under Section 74 of the Civil Rights Law of New York, which protects fair and true reports of judicial proceedings from civil actions. Dkt. No. 31 at 8–12. The Court also held that the new article's two references to Brady as a "gadfly" were not independently defamatory. *Id.* at 12–15. The Court then dismissed Plaintiff's remaining claims. Dkt. No. 31 at 16–17. The Court also held that Plaintiff's complaint violated the filing injunction imposed by Judge Engelmayer in *Brady v. IGS Realty Co. L.P.*, 2020 WL 6049649, at *5 (S.D.N.Y. Oct. 13, 2020). Dkt. No. 31 at 17–20.

Plaintiff moved for reconsideration on April 14, 2022. Dkt. No. 40. Defendants filed their opposition to the motion on April 28, 2022, Dkt. No. 43, and Plaintiff replied on May 3, 2022, Dkt. No. 47.

**LEGAL STANDARD**

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## DISCUSSION

Plaintiff argues that his motion for reconsideration should be granted to correct a clear error of law or prevent manifest injustice. Dkt. No. 40 at 2. None of Plaintiff's arguments are availing.

Plaintiff first argues that the Court erred in concluding that the news article was privileged under Section 74 because the Court analyzed only one of the eighteen statements that Plaintiff alleged were defamatory in his complaint. Dkt. No. 40 at 2. Plaintiff argues that the Court solely addressed his allegations regarding the use of the term "gadfly" and should have analyzed the other seventeen statements he alleged were defamatory before dismissing his claim. *Id.* at 10. The Court, however, analyzed the whole news article and concluded that "*[e]ach* of the statements then contained in the news article is a 'substantially accurate' rendition of both the complaint in the *Sheindlin* matter and of the court proceedings." Dkt. No. 31 at 10 (emphasis added); *see also id.* at 11 ("The news article essentially summarizes the allegations of the pleading; it does not produce a different effect on the reader than the *Sheindlin* complaint."). The Court separately analyzed the use of the term "gadfly" in the context of the news article because that term did not arise from the judicial proceedings, but it concluded that the use of the term was not independently defamatory. That the Court analyzed this term separately does not mean that it did not consider the other statements alleged by Plaintiff to be defamatory; the Court in fact considered all the statements. Plaintiff's argument here does not raise grounds for reconsideration.

Plaintiff further argues that the Court erred in holding that the complaint violated the filing injunction imposed by Judge Engelmayer. Dkt. No. 40 at 34–36. He asserts that, had the complaint "violated the filing injunction, Judge Engelmayer would have made that determination when [Plaintiff] showed him his claims and he approved the suit." *Id.* at 35–36. As discussed in the Court's March 31, 2022 Opinion and Order, however, the Court determined that the allegations in Plaintiff's complaint "are not consistent with those described by Brady in his letter to Judge Engelmayer and do in fact violate the injunction." Dkt. No. 31 at 19 (citation omitted). This argument thus provides no basis for reconsideration.

Finally, the Court has reviewed Plaintiff's remaining arguments and finds that they do not warrant granting Plaintiff's motion for reconsideration, as they attempt to re-litigate issues already raised before the Court in briefing on the motion to dismiss. *See* Dkt. No. 40 at 15–32. Plaintiff, for example, once again raises the argument that certain testimony at Sheindlin's deposition proves the assertions made about Brady in the news article are false. *Id.* at 19. As discussed, however, a motion for reconsideration is an "extraordinary remedy," *In re Health Mgmt. Sys.*, 113 F. Supp. 2d at 614, and is not a vehicle for "taking a 'second bite at the apple,'" *Analytical Surveys*, 684 F.3d at 52.

For the foregoing reasons, Plaintiff has not identified a basis on which the motion for reconsideration should be granted.[2]

---

[2] Defendants request $5,484.22 in legal fees that they were forced in incur in opposition Plaintiff's motion for reconsideration. Dkt. No. 43 at 7–8. The Court, in its discretion, denies the request.

## CONCLUSION

The motion for reconsideration is DENIED.

SO ORDERED.

Dated: June 21, 2022
New York, New York

                                                      LEWIS J. LIMAN
                                                      United States District Judge

5