```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JAMES H. BRADY,                                                        :
                                                                       :
                              Plaintiff,                               :
                                                                       :           21-cv-3482 (LJL)
               -v-                                                     :
                                                                       :           MEMORANDUM &
NYP HOLDINGS, INC. d/b/a THE NEW YORK POST                             :           ORDER
and KATHIANNE BONIELLO,                                                :
                                                                       :
                              Defendants.                              :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendants NYP Holdings, Inc. d/b/a the New York Post and Kathianne Boniello ("Defendants") move pursuant to the Court's inherent power for an order sanctioning Plaintiff James H. Brady ("Brady" or "Plaintiff"). Dkt. No. 33. For the following reasons, the motion is denied.

On March 31, 2022, the Court granted Defendants' motion to dismiss Plaintiff's Complaint because it failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and also because it violated the Honorable Judge Paul A. Engelmayer's anti-filing injunction in *Brady v. IGS Realty Co. L.P.*, 2020 WL 6049649, at *5 (S.D.N.Y. Oct. 13, 2020). Dkt. No. 31 at 22. With respect to the latter finding, the Court found that "[t]he language of the Complaint in this action confirms that it falls with the scope of Judge Engelmayer's filing injunction." *Id.* at 18. The Court stated the terms of Judge Engelmayer's injunction. Judge Engelmayer's order read as follows:

> James H. Brady is hereby enjoined from filing any new action in the Southern District of New York that relates in any way to the IGS Lease Agreements, the Personal Guarantees associated therewith, or Brady's businesses' occupation of space in IGS-owner buildings, including any actions concerning the conduct of any attorney, judicial officer, government official, or other third party in relation to the IGS Lease Agreements, or any collateral actions arising from these agreements. This injunction does not bar Brady from appealing any decision in this case. However, it should be read broadly to bar the filing, without leave of this Court, of *any* case against *any* defendant that has as its factual predicate the validity or invalidity of the IGS Lease Agreements, Personal Guarantees, other agreements with IGS Realty, or any legal actions that have arisen from those transactions.

*Id.* at 17 (quoting *Brady v. IGS Realty Co. L.P.*, 2020 WL 6049649, at *5 (S.D.N.Y. Oct. 13, 2020)) (emphasis in original).

On April 9, 2021, Brady wrote to Judge Engelmayer, seeking permission to file this lawsuit. *See* Dkt. No. 19-2. In the letter, Brady wrote that he would be "forced to file a lawsuit against the New York Post for an outrageously false and defamatory news caption and news article that the New York Post wrote about me on April 3, 2021, and the New York Post has not taken it down when told of the article's defamatory falsehoods." *Id.* at 1. He added that "the news story heading and news article content that was written about me on April 3, 2021 by the New York Post was filled with deliberately broad false statements and written with actual malice," and that he did not understand the wording of the injunction to prevent him "from suing news agencies or others for defamation of character for events that took place subsequently to the October 8, 2020 Order." *Id.*

Judge Engelmayer's order in response was carefully worded. It stated:

> Based on the description Mr. Brady has provided of the lawsuit he intends to file against the *New York Post* for defamation, that contemplated action does not appear to implicate the filing injunction this Court has issued against Mr. Brady. Accordingly, Mr. Brady does not need the Court's permission to file that action. However, this assessment is based solely on the above description of Mr. Brady's contemplated lawsuit against the *New York Post*, and is subject to change depending on the parties named and claims raised in that action.

*Id.* at 2.

This Court—which had the benefit of reviewing the complaint in this action—concluded that it did violate Judge Engelmayer's injunction. The Court wrote:

> Although ostensibly directed at Boniello and the NY Post and the news article, the thrust of the Complaint—as with Brady's prior complaints—is to relitigate the facts and conclusions of the New York real-estate related litigation. Its subject is the New York state litigation over the IGS Lease Agreements and the Personal Guarantees and its target is Sheindlin. . . . It thus constitutes a case "that has as its factual predicate the validity or invalidity of the IGS Lease Agreements, Personal Guarantees, other agreements with IGS Realty, or any legal actions that have arisen from those transactions." *IGS Realty Co. L.P.*, 2020 WL 6049649, at *5.

Dkt. No. 31 at 18–19. This Court concluded that Plaintiffs' allegations are "not consistent with those described by Brady in his letter to Judge Engelmayer" that sought leave to file this case. *Id.* at 19.

"It is the duty and power of district courts to enforce filing injunctions against plaintiffs that 'abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive' litigation." *Midamines SPRL Ltd. v. KBC Bank N.V.*, 719 F. App'x 41, 44 (2d Cir. 2017) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . A history of litigation entailing vexation, harassment and needless expense to other parties and an

2

unnecessary burden on the courts and their supporting personnel is enough." *In re Martin-Trigona*, 737 F.2d at 1262. But "a court may not impose sanctions under its inherent power unless the party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014). The Court may impose an award of attorneys' fees for violation of an anti-filing injunction. *See*, *e.g.*, *New Phone Co. v. New York City Dep't of Info. Tech. & Telecommunications*, 2007 WL 2908110, at *17 & n.9 (E.D.N.Y. Oct. 5, 2007), *report and recommendation adopted*, 2008 WL 11411325 (E.D.N.Y. Jan. 28, 2008); *see also Ouadrozzi v. City of New York*, 127 F.R.D. 63, 83 (S.D.N.Y. 1989) (noting the "inherent equitable power [a court has] to authorize the award of monetary sanctions when a party engages in bad faith litigation").

The fact that Brady violated the anti-filing injunction by filing his Complaint does not, in and of itself, establish that Brady acted in bad faith. While Brady omitted material facts from his letter to Judge Engelmayer and the lawsuit he ultimately filed was inconsistent with what he led Judge Engelmayer to believe, he did seek Judge Engelmayer's permission to file the Complaint. He also identified in his letter the publication in which the alleged defamatory statements appeared and the date that those statements were published. Brady is a *pro se* litigant. The Court does not impute to him the same knowledge of court processes as it would impute to a represented party. At the time Brady wrote the letter, he might well have believed that the Court would look at the article, which would have made clear that the basis of Brady's defamation lawsuit would arise from the IGS Lease Agreements and the legal actions that arose from them. He might still have believed that after receiving Judge Engelmayer's order. While Brady should have recognized that the order was based solely on his letter and not on any independent review of the article or surmise as to what Brady might allege in a complaint, the standard for imposing sanctions pursuant to the Court's inherent power requires more than negligence. As should be clear, the Court would reach a different result if the request had been submitted by a lawyer, admitted to the bar of this Court. The Court also cannot foreclose the possibility that Brady's omission was intentional. On this record, however, surmise or speculation alone is too thin a reed to give rise to a finding of bad faith necessary for the Court to impose sanctions pursuant to its inherent power.

Defendants' motion for sanctions is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 33.

SO ORDERED.

Dated: March 24, 2023
      New York, New York

                                                 LEWIS J. LIMAN
                                                 United States District Judge